UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO PLASCENCIA OROZCO,<br>aka Alberto Jose Del Muro,<br>aka Alberto Jose Muro-Guerrero,<br>BOP #40467-198,<br><br>                       Plaintiff,<br><br>vs.<br><br>JUDGE JOHN HOUSTON, JUDGE ALANA WONG ROBINSON, CHIEF UNITED STATES ATTORNEY LAURA E. DUFFY AND ASSISTANT UNITED STATES ATTORNEY MARIETTA IRENE GECKOS,<br><br>                       Defendants. | Case No.: 21cv2112-CAB (RBB)<br><br>**ORDER DISMISSING COMPLAINT WITH PREJUDICE PURSUANT TO 28 U.S.C. § 1915A** |

      Plaintiff Ramiro Plascencia Orozco, a federal prisoner confined at the Federal Medical Center in Forth Worth, Texas, proceeding pro se, has filed this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (ECF No. 1.) Plaintiff claims the Defendants, two judges and two prosecutors, discriminated against him and abused their judicial power in his criminal case which caused him to be falsely convicted and imprisoned. (*Id*. at 2-7.)

On December 28, 2021, the Court denied Plaintiff's Motion to proceed *in forma pauperis* after finding he had previously filed at least six civil actions as a prisoner which were dismissed as frivolous, malicious, for failing to state a claim or for seeking relief from Defendants immune from liability, and was therefore precluded from proceeding *in forma pauperis* by 28 U.S.C. § 1915(g).  (ECF No. 3.)  On March 18, 2022, Plaintiff paid the civil filing fee.  (ECF No. 6.)

**I.      Screening pursuant to 28 U.S.C. § 1915A**

**A.      Standard of Review**

Because Plaintiff is a prisoner, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. § 1915A.  Under that statute, the Court must sua sponte dismiss a prisoner's complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010), citing 28 U.S.C. § 1915A ("The court shall review, before docketing, if feasible, or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint - (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.")

The standard for determining whether a prisoner has failed to state a claim upon which relief can be granted under § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### B. Plaintiff's Allegations

The Complaint alleges Plaintiff was falsely convicted by Defendant Judge John Houston on March 30, 2015, and sentenced to 184 months in prison.[1] (ECF No. 1 at 3-4.) Plaintiff claims Judge Houston discriminated against him by changing Plaintiff's name to Alberto Jose Del Muro, and that his conviction was obtained in violation of double jeopardy principles. (*Id*. at 3.) He alleges the other Defendants, Judge Alana Wong Robinson, Chief United States Attorney Laura Duffy and Assistant United States Attorney Marietta Irene Geckos, "violated my sovereign rights & immunities" through the use of "strawman judicial power." (*Id*. at 5.) Plaintiff claims the Defendants abused their power during his criminal proceedings which caused him to be wrongfully convicted and imprisoned. (*Id*. at 5-7.) He seeks monetary damages and injunctive relief. (*Id*. at 9.)

### C. Analysis

"Judges are absolutely immune from civil liability for damages for their judicial acts." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987). That immunity also applies to declaratory and injunctive relief in *Bivens* actions. *Id*. at 1394. Although Plaintiff alleges the judge Defendants committed legal error in his criminal case, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only where he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). An act is judicial when "it is a function normally performed by a judge" while acting in his or her judicial capacity. *Id*. at 362.

The allegations in the Complaint against the judge Defendants involve judicial acts taken in connection to Plaintiff's criminal cases, and there are no allegations any judicial

---

[1] The facts and circumstances of Plaintiff's conviction and sentence and his use of aliases, along with his claims of trial error, are detailed in the opinion affirming his conviction and sentence. *See United States v. Plascencia-Orozco*, 852 F.3d 910, 914 (9th Cir. 2017) ("We seldom run into a 'frequent flyer' as 'frequent' as appellant. Over his 46-year career as an illegal entrant, he has been deported or removed dozens of times.")

defendant took any action in the clear absence of their jurisdiction. As such, Plaintiff is unable to maintain a *Bivens* action against them, as challenges to his conviction and sentence are appropriately made by seeking writs or filing appeals. *See Mullis*, 828 F.2d at 1394 ("Should a federal judge or other federal official performing a judicial or quasi-judicial act violate a litigant's constitutional rights in a proceeding pending in federal court, Congress has provided carefully structed procedures for taking appeals, including interlocutory appeals, and for petitioning for extraordinary writs in Title 28 of the United States Code.") Plaintiff in fact utilized the appellate process and his conviction and sentence were affirmed on appeal. *Plascencia-Orozco*, 852 F.3d at 929. Accordingly, with respect to the judge Defendants, the Complaint must be dismissed pursuant to 28 U.S.C. § 1915A because it fails to state a claim upon which relief may be granted, seeks monetary relief from Defendants who are immune from such relief, and is legally frivolous. *Iqbal*, 556 U.S. at 678; *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (a complaint is frivolous within the meaning of § 1915 "where it lacks an arguable basis either in law or fact."); *see also e.g. Mainez v. Gore*, No. 17-cv1359-JAH (JLB), 2017 WL 4005269, at *5 (S.D. Cal. Sept. 11, 2017) (finding § 1983 claims for monetary damages against judge based on allegations regarding sentencing and presiding over criminal proceedings subject to sua sponte dismissal as frivolous pursuant to 28 U.S.C. § 1915A(b)).

Prosecutors are also entitled to absolute immunity where the claimed violations are based on their activities as legal advocates in criminal proceedings. *Van de Kamp v. Goldstein*, 555 U.S. 335, 341-44 (2009), citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (holding that where prosecutors' "activities were intimately associated with the judicial phase of the criminal process, . . . the reasons for absolute immunity apply with full force."); *see also Genzler v. Longanbach*, 410 F.3d 630, 636-37 (9th Cir. 2005) (absolute prosecutorial immunity extends to "traditional functions of an advocate."); *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (holding that when a prosecutor acts within her authority "'in initiating a prosecution and in presenting the state's case,' absolute immunity applies."), quoting *Imbler*, 424 U.S. at 431. There are no allegations in

the Complaint that the prosecutor defendants took any action outside their role as advocates in Plaintiff's criminal case. Thus, with respect to the prosecutor defendants, the Complaint fails to state a claim upon which relief may be granted, seeks monetary relief from defendants who are immune from such relief, and is legally frivolous. *Iqbal*, 556 U.S. at 678; *Neitzke*, 490 U.S. at 325; *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989) (finding claim against prosecutors with clear immunity legally frivolous within the meaning of § 1915), superseded by statute on other grounds as stated in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court *sua sponte* dismisses the Complaint pursuant to 28 U.S.C. § 1915A based on a failure to state a claim upon which relief may be granted, for seeking monetary relief from defendants immune from such relief, and as legally frivolous. *See* 28 U.S.C. § 1915A(b)(1)-(2) ("On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint - (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.")

### D. Leave to Amend

Because it is absolutely clear Plaintiff cannot amend his Complaint to sufficiently allege a claim against any Defendant, the Complaint is dismissed with prejudice and without leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing futility of amendment as a proper basis for dismissal without leave to amend).

### II. Conclusion and Orders

Good cause appearing, the Court **DISMISSES** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted, for seeking monetary relief from defendants immune from such relief, and as legally frivolous. The

1  dismissal is with prejudice and without leave to amend.  The Clerk of Court shall enter
2  judgment accordingly and close the file.
3     **IT IS SO ORDERED.**
4  Dated:  March 28, 2022

_____
Hon. Cathy Ann Bencivengo
United States District Judge